First Case 21-2696, Joseph Mazzei v. The Money Store, et al. Mr. Grobman? Yes, Your Honor. You've reserved two minutes for rebuttal? Yes, Your Honor. Whenever you're ready. Thank you. This appeal presents the following question. Is fraud on the court obviated, where a litigant and its attorneys misled the court? If the fraud purportedly might have been uncovered, had the plaintiffs sought additional discovery from a non-party? In a decision which threatens to return litigation to its anything-goes roots, and contrary to the Supreme Court's decision in Hazel Atlas, and this court's decision in Kupferman, the lower court answered yes. The court also found that fraud on the court can be established only if the defendants knowingly misled the court, failing to recognize that such fraud can also be established if the representations were made recklessly. Is it clear, though, that recklessness can be sufficient? Well, I think the cases are uniform, and in fact, I think the defendants' appellees have essentially admitted that the standard is one of recklessness. Okay, so then the follow-up would be, what suggests recklessness as opposed to negligence in this case? Well, I think there are at least four bases for finding recklessness in this case. Number one, we already had a determination from the court in the prior sanctions motion that the defendants had been grossly negligent and had been willful in making representations about the payment data in 2009. Namely, that the payment data was under their control and in their system. And then in 2013, when the defendants, when the appellants requested that data, the appellees did a complete about-face and said, we don't have that data. We never had that data. As Judge Ellis said, the appellees had both the contractual right and the legal right to obtain that data from Fidelity and LPS, who were the outsourcers. And as a result, they acted grossly negligent and acted willfully in making those misrepresentations. So negligence on top of gross negligence, I think it's hard to say that making a further representation about a representation that you've already been found grossly negligent and acted willfully for. In fact, those standards have- Does that, though, I mean, is the idea you're saying sort of negligence or gross negligence plus gross negligence, does that equal recklessness? I mean, don't you still have that hurdle of, I mean, negligence and recklessness are different standards. And so I'm not sure if that's what you were suggesting, that continuing negligence bumps it up to recklessness? Well, number one, I think there's a difference, as Your Honor I think would agree, between a finding of negligence and gross negligence. They were found to be grossly negligent. That's not the same as recklessness, though. I think there is a fine line between gross negligence and recklessness. I think this court- I mean, the law provides for- When the law says you have to willfully do something or intentionally do something to be liable, then there is room for something a little less than intent. But usually it's a disregard of the situation. It's not just negligence. It's not even gross negligence. It's like shutting one's eyes to something. I think that's precisely what happened here, Your Honor. Not only did, after making these prior misrepresentations that they had had this data in their possession, when the sanctions motions were made for evidentiary sanctions at trial, the defendants made new representations. They said, number one, we tried to get this information. We repeatedly tried, but we were unsuccessful. Why is this not a Garden of Variety Rule 37 violation? I don't gainsay that it's a significant one, but it's not that uncommon, unfortunately, in litigation where one party disregards discovery obligations, key documents not turned over, and the usual sanction for that is Rule 37. What's the difference between a Rule 37 violation? What transposes a Rule 37 violation into a fraud in the court? Well, I think there are at least two essential differences. Number one, the representations here were made in declarations by at least three of defendants' attorneys. They're in-house counsel. They're outside attorneys. The representations that they made were that we looked for this information. We sought it. Number two, this information was never on any of defendant's systems at any time. And number three, that the information which currently exists in the possession of the current holder of the information is inaccessible and cannot be made readable without extraordinary time and expense. So I think the first thing that differentiates this from the Garden of Variety Rule 37 case— I don't mean to minimize it, but what you're complaining about has certain essential features of a discovery dispute in the sense of a party disregarding its discovery obligation. This issue, these facts, went to the central issue in the case, Your Honor. That's a pretty good point. I mean, hopefully a good deal of discovery that's taken goes to central issues. The misrepresentations that were made by the attorneys, by the opinions themselves, they were actually relied upon. The declarations made by the attorneys were cited in this Court's opinion.  But you didn't show that the attorneys knew that what they were saying was false. Well, what we—I think we can show that, Your Honor. We don't have to show that at the Rule 12b6 stage. But what we can show is this, that as Judge Ellis found, when they were saying that the information is not—was never on our systems, certainly they knew that that information was on their system. And when they said that the information is currently unreadable and cannot be made readable without extraordinary time and expense, as Judge Ellis found, they had the legal and contractual right to demand that information. They had access to information which indicated and would have demonstrated to them that what they were saying was false. And that is precisely what recklessness, the standard of recklessness, requires. Didn't you also have access to the same information? Other sources? Other sources of fidelity? And others, if you've done the inquiry? I mean, I think there have been findings to that effect here. Your Honor, it took us three years and multiple motions to quash to get this information. But at the same time, we— You went through the fee splitting, and you were focusing on one particular source of information. But there were other sources of information. This wasn't—this involved different parties. There was only one—there was only one party. There were non-parties. We relied on the— I don't mean party in the sense of party to the litigation. I mean individuals who were involved or companies that were involved in the fee splitting and would know about it. Your Honor, we were told by defendants' counsel, by their in-house attorneys, that this information was inaccessible, could not be read. As Judge Gorsuch— From NIS, right? Excuse me? From NIS. From—Your Honor, we didn't only ask for the information in new invoice. I mean, that's the fig leaf here. The point is, we asked for the payment data whether it was on new invoice or whether it was on a piece of Swiss cheese. We weren't only looking for that data in a particular place. It is not a plaintiff's or a requesting—a party requesting discovery to determine where that information is. It is actually the defendant's responsibility and the responding party. And the idea that you can play whack-a-mole is completely contrary to any sense of fair litigation and, in fact, constitutes recklessness and fraud. So if there's a transaction between two individuals and it affects your client and you go to the first individual and he says, I don't have any records, you—it's his obligation to go to the second individual. Is that what you're saying? And get the information from that person. If that individual's— Which is fully accessible to you. No, Your Honor. The defendants had a contract with the party holding the information requiring that party to provide the information to them. We didn't have that. The defendants, as Judge Ellis found, had a legal right to obtain that information. The party holding that information had a contractual duty to provide that information to the defendants. And yet the defendants never asked for that information. Never asked. That is recklessness. And not only did they not ask, but then they— Are you talking about the initial litigation hold problem? No, I'm not only talking about the initial litigation hold. I'm talking about after the first set of orders, which specifically required them to provide this information. I'm talking about after Judge Ellis's ruling. They took no steps whatsoever. And yet they repeatedly told the district court and this court that, number one, we never had this information. As the new evidence indicates, that's false. That's false. And they knew that. And number two— Yeah, they knew that. Okay. Well, they certainly knew that. And number two— You're saying that they made deliberate lies. Intentional, deliberate lies. That is an intentional deliberate lie. What, in terms of their making statements that we tried— Don't you think overstating your case might ultimately not work in your favor? Absolutely, Your Honor. But the point is, they knew what was on their system. So they had this system. So when they said that this was never on their system, we've cited not only to the testimony of Black Knight's witness, but also to testimony from their own witness who said, yes, this was on the new invoice system. At the same time, Your Honor, I want to point out that we're at the Rule 12b6 stage. And we are talking here about evidence. But what I'm telling you, yes, that not only did they make the first set of misrepresentations, but then, when faced with these rulings, when faced with a specific order requiring them to obtain the payment data from Fidelity, they then came not only to the district court but to this court and said, we tried to get this information. They made no attempts to get this information. So how do we distinguish your case, find it in your favor, without ultimately saying that any time a lawyer withholds evidence in discovery, that's a fraud on the court? And if he does it either intentionally or recklessly, it's necessarily a fraud on the court. Every discovery transgression is effectively a fraud on the court. I mean, how do we draw a distinction? What's the line? Is there a limiting principle to this? Or is fraud on the court now the cause of action du jour in every discovery dispute? Absolutely not, Your Honor, and that's not our position. Our position is that when lawyers act as fact witnesses and start stating facts, we have four attorneys here. We've set it out in great detail in the complaint. Four attorneys who made multiple misrepresentations that this information, they sought this information from the outsourcer, but they were unsuccessful. That is not true. That this information never existed on the defendant's systems, that is untrue. And that this information in its current form was unreadable and inaccessible. Once lawyers invoke and bring themselves into the process and make representations to the court, just like the attorneys in Hazel Atlas, just like the lawyer in Kufferman, you have to really start examining that. The point is that lawyers who make misrepresentations to a court turn a garden variety fraud claim or a nondisclosure claim into a claim which is susceptible to fraud on the court, especially when, as is indicated here, the courts up the ladder, up to this court, relied on those misrepresentations in their decisions. And that is exactly when the judicial machinery is interfered with in a way which allows for fraud on the court. Thank you. Thank you. Good morning, and may it please the court. Amy Pritchard-Williams for the appellees. I'd like to go a bit out of order and address one aspect of the appellee's argument that we just heard and that is emphasized in the reply brief as well, which is the nature and effect of the six discovery orders entered by the trial court in Mazie 1. Those discovery orders and a Rule 37 motion for sanctions was the subject of a motion that the trial court ruled on this summer in two different orders. And in both of those orders, the trial court ruled that the appellees here had not violated any discovery orders and that the discovery orders did not mean what the appellants here are arguing that they mean. And I could point the court to ECF. Apologies. Well, I have the ECF entries. Just remind us. Sure. Yes. Just paraphrase what the order said. Yes, Your Honor. The orders from the trial court this summer, which the appellants just filed another notice of appeal on this weekend. So they are on appeal. I don't want to make that clear. But Judge Kodal went through each of the six orders and concluded that they never, he, the court, the trial court, never ordered the appellees to go and seek this information to obtain it from LPS and Fidelity. He agreed with our reading. I just asked them to find out whether it could be done. Well, he actually, Judge Ellis, and then it was affirmed by Judge Kodal, ordered the appellees to pay the costs for determining whether it could be done. All of these issues we argued below and we would reiterate. The same information essentially was at issue, right, in 2014 and as we stand here today. The lack of access to that information. The appellants are arguing today that there's a different reason why there was no access. But the question of lack of access to certain data was before the court in 2014 and 2015, and it's the same issue as lack of access to a single source of evidence that's before the court today. Just to circle back to make sure that I've been clear about that, the trial court, Judge Kodal, this summer agreed with our reading of those orders, agreed that there had been no violation and denied the motion for sanctions. And as I mentioned, that decision, those two decisions will now be on appeal as well. Is there, I mean, maybe this is not, this is a practical matter. I took part of the reference to the orders, the prior orders, not to be solely this question of whether or not there was a violation, but the idea that there were these prior orders and so there was clearly notice that suggests the alleged misrepresentations are a little more egregious because this is something that had been brought up and brought to the attention of the parties of resolving this question of whether or not the information was available or accessible or what have you. Two points, I think, on that, Your Honor. First, to be clear, the statements that the appellees are relying on from 2013 to 2014 in that time frame, those are actually all based on statements from LPS Fidelity. And both the appellants and the appellees relied on what LPS Fidelity told the parties about accessibility. It is the same information, Your Honor, but they're slightly different issues. What was before the court in 2000 related to 2009 was an inadequate litigation hold that affected access to the new invoice system. In 2013 and 2014, the issue that was being litigated is, well, what can LPS and Fidelity provide and what was the allegation on the part of the appellees, my clients, to obtain that information from LPS and Fidelity? At the end of the day, all of that was litigated. The appellants, the plaintiffs below, had the opportunity to take a deposition of LPS Fidelity, and they didn't. Judge Kodal also pointed out they could have sent subpoenas to and or deposed the collection lawyers who were alleged to have made payments to Fidelity and LPS, and they didn't. Bringing that back around to the standard or the difference, what's the difference between fraud on the court and a Rule 37 violation? I thought the trial court below here made an important point, which is even if the allegations of the plaintiffs are taken as true, the factual allegations are taken as true, that's one source of information. Fraud on the court requires an attack, an intentional attack, and I would argue that the case law under 60D3 talks about intentional attacks, talks about deliberate schemes that upends the entire judicial process, upends the truth-ending process, prevents the moving party from making their case. And here, even if you take all of the allegations and this complaint is true, they can't meet that burden because of these multiple avenues for obtaining the exact same information. And in that regard, we think this case is probably most analogous to the Gleason case, which this court decided in which after litigation was over, third-party witnesses came forward with evidence that potentially witnesses had committed perjury on behalf of the government in the underlying case. And this court found that that was not enough to state fraud on the court for several reasons, but most interesting to this case, the point that those witnesses were available to be deposed or interviewed before. It was addressable. The appellants want to couch this in terms of blaming them for blaming their lack of diligence. That is not so much the issue as it is that courts have repeatedly denied fraud on the court claims and dismissed them when the underlying conduct that is complained of was addressable, and in many instances, including this one, actually litigated in the underlying action. A 60D3 action just simply isn't available to go back and redo that which could have been done before. So just fraud on the court is extremely rare. I can't recall another appeal dealing with fraud on the court. And its contours are somewhat, at least to my mind, murky. I can understand a fraud on the court where a lawyer, presumably and his client, decides to manipulate the court system through a series of misrepresentations that cannot be challenged to get to a certain point in the litigation where there may be a settlement or there may be some way of gaining an advantage. Fraud usually requires gaining an advantage, and it usually requires deliberate conduct. And to take a discovery dispute which has all of these various kind of incomplete determinations and say that that's fraud on the court seems to be a little hard to understand. Well, we would agree, Your Honor, and I think this court's prior decisions are certainly consistent with that. I think that's consistent with Gleason. Actually, Kupferfman, which the appellants rely on, ultimately the court found no fraud on the court in that case. There is case law to the effect that the recklessness on the part of attorneys can amount to the equivalent of intent. And can be part of, which is part of the element, one element of fraud on the court. And where's your position on that as far as recklessness is concerned? Your Honor, I would agree that- Just generally, and then you can focus on this case. Certainly, Your Honor. The Space Hunters case, which I think both sides cite to, references recklessness. In speaking about the pleading requirements for pleading intent, there's certainly a reference to recklessness there. The other decisions that I can think of, of this court and from the Supreme Court, don't talk about recklessness. They all speak in terms of deliberate, preplanned schemes and more deliberate fraud. I see I'm out of time. If I could just finish my answer. Yes, go ahead. I appreciate that, Your Honor. But in this case, I don't think the court even needs to get to that issue. The court does not need to decide that issue in order to affirm below. And the reason is because the statements upon which the appellants are relying are all statements from a non-party. From LPS Fidelity, or I think in one instance Barclays, upon which the lawyers for both sides relied. And we quoted in our briefs extensive interchanges between counsel for both sides in the court on that point. And the trial court here, Judge Torres, also looked carefully at this issue and concluded there simply are no fact allegations. This is not about evidence. This is about allegations. There are no fact allegations that in the run-up to the trial or after the jury had returned its verdict in favor of the defense, there are no fact allegations that the lawyers for the appellees here knew that the statements made by LPS or Fidelity were inaccurate. If in fact it actually turns out that they were inaccurate. Does that answer the court's question? No. Just briefly in summary, we think that the trial court's decision should be affirmed. These issues have been litigated and re-litigated after 21 years. It's time to put this case to bed and respect the finality of both the jury verdict and the prior judicial decisions in this case. Thank you. Thank you. Thank you, Your Honor. Just a few points. Under the prevail- I know we've touched on this, but I'd like to just have your kind of final view on this. What are the elements of a fraud? What do you have to prove to prevail on a fraud court claim? I think there has to be involvement, representations made by officers of the court to turn the guarding- You have to say something. They have to make representations to the court. What's next? Those representations have to be not true. Those representations have to have been made at least recklessly. And I believe that those representations had to have influenced the court in its determination. What does that mean, have to have influenced the court? What does that mean? Well, I think Hazel Atlas, for instance, what does it mean? In this case, it means that the court expressly relied on those representations. All we have to do is look at the opinions to see that the court relied on those representations. The court said- So under your calculus, a knowingly incorrect representation by a lawyer that makes its way into the court's opinion can be a basis for a recovery for fraud on the court sheet. I don't believe that it makes its way into an opinion. Is put into the opinion by the judge hearing the representations. Is relied upon in issuing the holding. That's what I would say. He wouldn't put it in, or she wouldn't put it in if she weren't relying on it. So that begs that question. Yes. I would say that Hazel Atlas- So if that is your definition, we will, as federal trial judges, we would have to just close up shop. We would hear those cases every week. It happens all the time. I don't believe, Your Honor, that- That's hyperbole, but it happens with, we see that with some, I mean, it happens in the course of litigation. I don't believe that lawyers present themselves as fact witnesses, make representations with regard to the records in the possession, with regard to whether evidence was sought- Lawyers are under a duty to investigate the facts that they are representing. That's absolutely true, but this goes beyond investigation. The point is- Okay, well, investigation, if you ask the client, what's the story? What's happening? What records do you have? And the client tells you what records they have and what records they don't have. Lying through its teeth. And you accept the client's viewpoint, and then you represent that to the court. You're a lawyer. You're giving a misstatement. It's false. But in my thinking, it seems to me that you're saying under those circumstances, the lawyer is perpetrating a fraud on the court. I think that there is a difference between good faith reliance on what clients tell you, and here there is absolutely no indication whatsoever that they relied on the clients. In fact, as Ms. Williams told you, all they did was rely on the statements that we purportedly made, that we made on November 24th, that LPS told us that it was unreadable. They have an obligation. Judge Ellis specifically found that they had the legal right to obtain this information, that they had the contractual right to obtain this information. They had the contractual right to do this, and that's precisely why he granted sanctions in the first place. We're not in the same position that they're in. It took us three years to get this information. There is not a single case other than this one in which an attorney or a party is supposed to ignore the representations made by counsel and go behind counsel and have to start going after information with the defendants who are required to provide or to test the representations of their counsel by seeking discovery from third parties. How could a court, how is a court to assess the impact of a misrepresentation? Suppose there's, on one side of the scale, there's a misrepresentation. On the other side of the scale, there's significant evidence in favor of one's opponent. I think, Your Honor, that- What's the test? Does it have to, how significant does the fraud have to be? I think to the extent that the court has relied on these representations- What does that mean? How do you tell that? Citing to it. Your Honor, in Hazel Atlas, in Hazel Atlas, for instance, the appellate court below said, well, this wasn't something that we relied upon, this fraudulent article. They were the ones that were allegedly deceived. The Supreme Court- By relied upon it, do you mean that the judge was aware of it and mentioned it in his decision or relied upon it? I mean, is that a backdoor way of saying that the misrepresentation was dispositive? Well, I think that we can distinguish between those things which are essential to holdings and those things which are dicta. And I think courts do that all the time. But in Hazel Atlas, the court in reversing the decision on materiality said that because the appellate court said that it wasn't basic to their decision, the Supreme Court reversed and said that since the defendants repeatedly made these representations to the district court, and the court and prevailed, quote, they are in no position to dispute the misrepresentation's effectiveness. We don't have to deal with that here because all you have to do is look at these opinions and you can see a direct correlation between the misrepresentations that there was no information relating to the payment evidence on defendant systems. That is precisely what the courts found and what this court found. Would your test be that there has to be a direct correlation between the misrepresentations alleged and the judgment rendered? I don't know if that would be my test, but if that was the test, that test is satisfied in this case. Well, I don't really know what your test is, so I'm trying to really tease that out. I believe just like- You say reliance over and over again, but that, I don't really understand. Just like in the multiple decisions that we've cited in which courts said that- Give me a generic definition. Don't just say it's in the case, it's in the brief. Generic definition- If we were to try to fashion a definition of this tort for the bench and bar, I'm still not clear- Perhaps we can say central to the court's decisions. Perhaps we can say that. Essential to the court's holding. Give me your best definition. Central to the court's decision. I think that that is as fundamental to fraud in the court as anything gets. May I- Thank you. Okay. Thank you. Thank you very much. We'll take the case under advisement.